IN THE UNITED STATES DISTRICT COURT
DISTRICT COURT OF NEW JERSEY

SARA BALDWIN,
        Plaintiff,

v.

HOUSING AUTHORITY OF THE CITY OF CAMDEN; and TRACIE HERRICK, DIRECTOR OF PUBLIC HOUSING,

        Defendants.

HONORABLE JOSEPH E. IRENAS

CIVIL ACTION NO. 09-6583
(JEI/AMD)

**OPINION**

**APPEARANCES:**

LAW OFFICES OF MARK W. FORD, LLC
By: Mark W. Ford, Esq.
4 ½ North Broadway, P.O. Box 110
Gloucester City, New Jersey 08030
    Counsel for Plaintiff

OFFICE OF GENERAL COUNSEL, CITY OF CAMDEN HOUSING AUTHORITY
By: Steven A. Ragland, Esq.
2021 Watson Street, 2nd Floor
Camden, New Jersey 08105
    Counsel for Defendants

**IRENAS**, Senior District Judge:

    Plaintiff Sara Baldwin's one-count Complaint alleges that Defendants, the Housing Authority of the City of Camden ("Camden Housing Authority") and its Director, Tracie Herrick, violated Baldwin's constitutional right to due process when they terminated her Section 8[1] housing assistance. The parties' cross-motions for summary judgment are presently before the Court. For the reasons

---

[1] Section 8 of the U.S. Housing Act of 1937, 42 U.S.C. § 1437f.

stated herein, Defendants' Motion for Summary Judgment will be granted and Plaintiff's Motion for Summary Judgment will be denied.[2]

## I.

The Camden Housing Authority is a "public housing agency ('PHA')" under the supervision of the U.S. Department of Housing and Urban Development.  (Defs' Ex. A)  It provided housing assistance to Baldwin through the "Housing Choice Voucher Program." (Id.)

> Under this program, the family [participating in the voucher program] chooses a decent, safe, and sanitary unit to live in.  If the owner agrees to lease the unit to the family under the housing choice voucher program, and if the PHA approves the unit, the PHA will enter into a housing assistance payments contract with the owner to help the family pay rent.

(Id.)

Baldwin's voucher, which Baldwin signed and dated, set-out in writing Baldwin's "obligations" "in order to continue participating in the housing choice voucher program."  (Id.)  Those obligations included "[s]upply[ing] . . . information for use in a regularly scheduled reexamination or interim reexamination of family income and composition."  (Id.)

In order to continue receiving housing assistance, Baldwin was required to annually re-certify her eligibility.  In a letter dated

---

[2]   The Court exercises federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

March 23, 2009, Defendant Herrick wrote to Baldwin,

> Your Annual Re-Determination has been scheduled . . . on April 2, 2009 @ 2:00pm. [sic] Failure to keep this appointment could result in termination of your housing assistance. . . . It is imperative that you attend this appointment. We have received notice from your landlord that he will not be renewing your lease for 2009.
>
> You will need to bring the completed Application for Re-Certification along with proof of income . . . and other documents for your household. . . .
>
> If you are unable to keep this appt [sic] . . . please contact my office @ (856) 968-2756.

(Defs' Ex. C)

Baldwin was not able to attend the April 2, 2009 re-determination meeting, allegedly due to the illness of her granddaughter, whom Baldwin cares for. Baldwin asserts that during the rescheduled meeting with Herrick, Herrick would not accept the unspecified "required documents" Baldwin attempted to submit. (Baldwin Cert. ¶ 4)

In a letter sent by regular and certified mail, and dated May 8, 2009, Herrick again wrote to Baldwin,

> Please be advised that you were scheduled for your Annual Re-Certification on April 2, 2009 but you failed to comply with the requirements that govern the recertification [sic] process.
>
> As you are aware, you are required annually to report all family income and update family composition to the Housing Authority. You are in violation of the Housing Choice Voucher Administrative Plan:
>
> . . .
>
> Annual re-Certification / Reexamination– Families are required to be re-certified at least annually.

3

> Obligations of Participants- CFR982.551-(b)[3] [sic] supplying required information- The family must supply any information that the PHA or HUD determines necessary for the administration of the program. . . .
>
> Under the Housing Choice Voucher . . . The family must: . . . [p]romptly notify the PHA in writing when the family is away from the unit for an extended period of time . . . [;] [p]romptly notify the PHA in writing of the birth, adoption or court-awarded custody of a child [;] [p]romptly notify the PHA in writing if any family member no longer lives in the unit.[4]
>
> . . . The [Camden Housing Authority] will deny program assistance for an applicant or terminate the program assistance for any of the following reasons:
>
> If any family member violates any family obligation under the program as listed in 24 CFR 982.551.[5]

---

[3] 24 C.F.R. § 982.551 is entitled "Obligations of participant" and provides, in relevant part, "(b) Supplying required information. -- (1) The family must supply any information that the PHA or HUD determines is necessary in the administration of the program . . . . 'Information' includes any requested certification, release or other documentation. (2) The family must supply any information requested by the PHA or HUD for use in a regularly scheduled reexamination or interim reexamination of family income and composition in accordance with HUD requirements. (3) The family must disclose and verify social security numbers (as provided by part 5, subpart B, of this title) and must sign and submit consent forms for obtaining information in accordance with part 5, subpart B, of this title. (4) Any information supplied by the family must be true and complete."

[4] Hearsay evidence in the record suggests that the re-certification examination would have revealed that two less adults were living with Baldwin, thereby requiring the family to downsize to a smaller apartment. (Pls' Ex. B; see also Pl's Answers to Interrogatories, ¶¶ 17,18) However, the Court does not, and need not, rely on hearsay evidence in disposing of the instant Motions. It is merely set forth here to provide a possible factual context for the case.

[5] *See* 24 C.F.R. § 982.552(c)(1)(i) ("The PHA may at any time . . . terminate program assistance for a participant . . . if the family violates any family obligations under the program

>   Therefore your assistance is being terminated effective June 30, 2009.  You have the right to request an informal hearing, in writing, within ten (10) business day [sic] of this letter.

(Pl's Ex. C)

Baldwin pursued an appeal, and a hearing was held on October, 30, 2009.[6]

In a letter dated November 5, 2009, the hearing officer wrote to Baldwin,

>   . . . After careful consideration of all facts involved, I am upholding the Housing Authority's decision to terminate Section 8 assistance. . . .
>        During the hearing it was determined that Ms. Baldwin failed to comply with requirements of the recertification [sic] process under CF982.551 [sic] (failure to supply required information and/or documentation on household composition).

(Pl's Ex. D)

On November 24, 2009, Herrick wrote to Baldwin,

>   Your hearing was held on October 30, 2009.  Upon hearing all testimony and reviewing all pertinent documents, the disposition of your appeal is as follows:
>
>   The original decision made by the [Camden Housing Authority] is upheld.
>
>   **Reason: The Housing Choice Voucher Administrative Plan- Obligations of Participant- Chapter 12- CFR 982-551 [sic]**
>
>   (b) supplying information.  The family must supply any information that the PHA or HUD determines is necessary in the administration of this program . . . . (2) The

---

  (see § 982.551)").

   [6]  Documents in the record suggest that Baldwin was represented by an attorney at the hearing.  See Pl's Ex. E; Pl's Answers to Interrogatories, ¶¶ 5, 13.

5

>  family must supply any information requested by the PHA
>  or HUD for use on a regularly scheduled reexamination or
>  interim reexamination of family income and composition
>  in accordance with HUD requirements.
>
>  Therefore, your assistance is hereby terminated
>  effective December 31, 2009.

(Pl's Ex. E)(boldface print in original).

This lawsuit followed.  Baldwin asserts one § 1983 claim based on the alleged violation of Baldwin's right to due process in the termination of her public housing assistance.

## II.

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In deciding a motion for summary judgment, the court must construe all facts and inferences in the light most favorable to the nonmoving party.  *See Boyle v. Allegheny Pennsylvania,* 139 F.3d 386, 393 (3d Cir. 1998).  The moving party bears the burden of establishing that no genuine issue of material fact remains.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  A fact is material only if it will affect the outcome of a lawsuit under the applicable law, and a dispute of a material fact is genuine if the evidence is such that a reasonable fact finder could return a verdict for the nonmoving party.  *See Anderson,* 477 U.S. at 252.

The summary judgment standard is not affected when the parties

6

file cross-motions for summary judgment. *See Appelmans v. City of Phila.*, 826 F.2d 214, 216 (3d Cir. 1987). Such motions "'are no more than a claim by each side that it alone is entitled to summary judgment, and the making of such inherently contradictory claims does not constitute an agreement that if one is rejected the other is necessarily justified or that the losing party waives judicial consideration and determination whether genuine issues of material fact exist.'" *Transportes Ferreos de Venez. II CA v. NKK Corp.*, 239 F.3d 555, 560 (3d Cir. 2001) (quoting *Rains v. Cascade Indus., Inc.*, 402 F.2d 241, 245 (3d Cir. 1968)). If after review of cross-motions for summary judgment the record reveals no genuine issues of material fact, then judgment will be entered in favor of the deserving party in light of the law and undisputed facts. *Iberia Foods Corp. v. Romeo*, 150 F.3d 298, 302 (3d Cir. 1998).

### III.

Section 1983 provides,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983.

Baldwin's sole argument is that Defendants violated her constitutional right to due process because the letters informing

7

Baldwin that her benefits were terminated-- the November 5, 2009 letter from the hearing officer, and the November 25, 2009 letter from Herrick-- did not refer to the evidence considered when making the decision.[7]

Baldwin correctly states that due process generally requires that "the decision maker should state the reasons for his determination and indicate the evidence he relied on." *Goldberg v. Kelly*, 397 U.S. 254, 271 (1970). But Goldberg also made clear that the decision "need not amount to a full opinion or even formal findings of fact and conclusions of law." *Id.*

The HUD regulations governing housing assistance termination hearings reflect the *Goldberg* standard: "[t]he person who conducts the hearing must issue a written decision, stating briefly the reasons for the decision." 24 C.F.R. § 982.555 (e)(6).

Baldwin asserts that a reasonable factfinder could conclude that the termination letters do not indicate the evidence supporting Defendants' decision to terminate her housing assistance. The Court disagrees.

Both letters specifically identify that Baldwin had an obligation to provide information regarding family composition, and her failure to fulfill that obligation was the reason for the termination of her benefits. No reasonable factfinder could

---

[7] The parties do not dispute that Baldwin had a constitutionally protected property right in her housing assistance. The Court assumes without deciding that Baldwin had a property right protected by the due process clause.

conclude that the letters failed to identify the evidence upon which the decision was based; the evidence was Baldwin's failure to provide the required information.

Because a reasonable factfinder could only conclude that the letters adequately informed Baldwin of the reason her housing assistance was terminated, Defendants did not violate her right to due process.  Accordingly, Defendants are entitled to summary judgment, and Baldwin's Motion for Summary Judgment will be denied.

**IV.**

For the above-stated reasons, Defendants' Motion for Summary Judgment will be granted.  Baldwin's Motion for Summary Judgment will be denied.  An appropriate Order accompanies this Opinion.

Date: January 18, 2011

                                              s/ Joseph E. Irenas
                                        **JOSEPH E. IRENAS, S.U.S.D.J.**